IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:19-cv-35

| | | |
|---|---|---|
| NGM INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| PEERLESS INDEMNITY INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT

Plaintiff NGM Insurance Company, Inc. ("NGM"), by and through its undersigned counsel, hereby file this Complaint for damages and Declaratory Judgment against Peerless Indemnity Insurance Company ("Peerless") pursuant to Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201 and 28 U.S.C. § 1332. In support, NGM alleges as follows:

## NATURE OF ACTION

1. NGM brings this action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 for a declaration regarding the parties' rights and obligations in connection with a commercial automobile liability policy issued to Sam's Paving, Inc., by NGM and a commercial automobile liability policy issued to Blacktoppers, LLC, Samuel Stanley 3$^{rd,}$ by Peerless, and for damages incurred by NGM for Peerless' wrongful conduct, pursuant to 28 U.S.C. § 1332, in failing to respond to NGM and to timely provide a defense of Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley. Specifically, NGM tendered to Peerless the defense of a lawsuit filed against Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley for damages arising out of a motor vehicle accident involving a vehicle owned and operated by Blacktoppers, LLC, that was towing a trailer owned by Sam's Paving, Inc. Despite

acknowledging that Sam's Paving, Inc., qualifies as an insured under the Peerless policy and that the trailer owned by Sam's Paving, Inc., would qualify as a covered auto as defined in the Peerless policy, Peerless has refused to accept such tender or promptly provide a reasonable explanation of the basis in the policy of insurance issued by Peerless for denial of such tender. NGM is currently providing a defense to Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley. NGM seeks a declaratory judgment that Peerless is responsible for the defense of Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley; that Peerless has wrongfully refused to accept such defense and has waived any defenses it may have under its policy. NGM seeks reimbursement of legal expenses for the defense of Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley, and damages from Peerless under Chapters 58 and 75 of the North Carolina General Statutes.

## THE PARTIES

2. Plaintiff NGM is an insurance company organized under the laws of the State of Florida with its principal place of business in Florida. NGM is a citizen of the State of Florida within the meaning and intent of 28 U.S.C. § 1332.

3. Defendant Peerless is an insurance company organized under the laws of the State of Illinois with its principal place of business in Massachusetts. Peerless is a citizen of the State of Illinois and Massachusetts within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Jurisdiction is further appropriate because this is, in part, an action for declaratory judgment pursuant to 28 U.S.C. § 2201, and an actual cost or controversy of a justiciable nature exists between the parties involving the rights and liabilities under insurance policies and for damages incurred.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because a substantial part of the events, acts, and/or omissions giving rise to this controversy occurred in this judicial district.

## FACTUAL BACKGROUND

### *A.* *THE SUBJECT POLICIES*

#### I. NGM POLICY

7. NGM is, and during all relevant times has been, in the business of underwriting and issuing policies of insurance and is authorized to transact the business of insurance in the State of North Carolina.

8. NGM issued a renewal commercial automobile policy, policy number B2U6816H, to named insured "Sam's Paving, Inc.", with effective dates of March 30, 2015 through March 30, 2016. ("NGM Policy"). A copy of the NGM Policy is attached hereto as **Exhibit A**.

9. While NGM incorporates, by reference, each policy in its entirety, for the purpose of this action, the NGM Policy contains the following in pertinent part:

**SECTION II - LIABILITY**

    A. Coverage

        1. Business Liability

            a. We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to

which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'.

\* \* \*

2. **Who Is An Insured**

    a.    You for any covered 'auto'.

    b.    Anyone else while using with your permission a covered 'auto' you own, hire or borrow . . . .

**Exhibit A**, Bates Number **EXHIBIT A-00038**, Form CA 00 01 03 06, p. 2 of 12.

\* \* \*

**SECTION IV - BUSINESS AUTO CONDITIONS**

  **B.  General Conditions**

    **5.  Other Insurance**

        a.    For any covered 'auto' you own, this Coverage Form provides primary insurance. For any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered 'auto' which is a 'trailer' is connected to another vehicle, the Liability Coverage this Coverage Form provides for the 'trailer' is:

            (1)    Excess while it is connected to a motor vehicle you do not own.

            (2)    Primary while it is connected to a covered 'auto' you own.

**Exhibit A**, Bates Number **EXHIBIT A-00045-00046**, Form CA 00 01 03 06, pp. 8-9 of 12.

\* \* \*

**SECTION V - DEFINITIONS**

    **B.**    'Auto" means:

        1.    A land motor vehicle, 'trailer' or semitrailer designed for travel on public roads; . . . .

    **P.**    'Trailer" includes semitrailer.

**Exhibit B**, Bates Number **EXHIBIT A-00046, 00049**, Form CA 00 01 03 06, pp. 9, 12 of 12.

## II. **PEERLESS POLICY**

10. Peerless is, and during all relevant times has been, in the business of underwriting and issuing policies of insurance and is authorized to transact the business of insurance in the State of North Carolina.

11. Peerless issued a renewal commercial automobile policy, policy number BA 1555925, to named insured "Blacktoppers, LLC, Samuel Stanley 3rd" (as amended), with effective dates of September 22, 2015 through September 22, 2016. ("Peerless"). A copy of the Peerless Policy is attached hereto as **Exhibit B**.

12. The Peerless Policy provides liability coverage for Symbol 7, 8, and 9 vehicles described in the **BUSINESS AUTO COVERAGE FORM,** including trailers borrowed by an insured that are attached to a covered vehicle.

13. While NGM incorporates, by reference, each policy in its entirety, for the purpose of this action, the Peerless Policy contains the following in pertinent part:

**SECTION II - LIABILITY COVERAGE**

  **A. Coverage**

    We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance

5

applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'.

\* \* \*

    **1.**    **Who Is An Insured**

    The following are 'insured':

        a.    You for any covered 'auto'.

        b.    Anyone else while using with your permission a covered 'auto' you own, hire or borrow except:
        (1)    The owner, or any 'employee', agent or driver of the owner, or anyone else from whom you hire or borrow a covered 'auto'. This exception does not apply if the covered 'auto' is a 'trailer' connected to a covered 'auto' you own.

**Exhibit B**, Bates Number **EXHIBIT B-00012, 00169, 00171**, Form CA 00 01 10 01, p. 2 of 11 (as amended by Form 16-131 (03/11)).

\* \* \*

**SECTION IV - BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

  **B.**    **General Conditions**

    **5. Other Insurance**

        **a.**    For any covered 'auto' you own, this Coverage Form provides primary insurance. For any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered 'auto' which is a 'trailer' is connected to another vehicle, the Liability Coverage this Coverage Form provides for the 'trailer' is:

            (1)    Excess while it is connected to a motor vehicle you do not own.

(2) Primary while it is connected to a covered 'auto' you own.

**Exhibit B**, Bates Number **EXHIBIT B-00176-00177**, Form CA 00 01 10 01, pp. 7-8 of 11.

**SECTION V - DEFINITIONS**

   **B.** 'Auto' means:

      1. A land motor vehicle, 'trailer' or semitrailer designed for travel on public roads; . . . .

   **P**. 'Trailer' includes semitrailer.

**Exhibit B**, Bates Number **EXHIBIT B-00178, 00180**, Form CA 00 01 10 01, pp. 9, 11 of 11.

## *B.* *THE UNDERLYING LITIGATION*

14. On or about February 3, 2018, Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley were named as defendants in a complaint filed in the Superior Court for Robeson County, North Carolina, styled *Paul Truett Canady, II, as Administrator of the Estate of Carlos Alejandro Mendez De La Cruz v. Steven Anthony Parker; Blacktoppers, LLC; Sam's Paving, Inc.; Samuel Stanley, Sr.; Samuel Stanley, Jr.; Rachel Stanley; and Samuel Stanley, III*, 18 CVS 00283.

15. A copy of the complaint in *Canady* ("Underlying Action") is attached hereto as **Exhibit C**.

16. The Underlying Action arises out of a motor vehicle accident that occurred on or about March 3, 2016, in Interstate 95, near Lumberton, North Carolina. (**Exhibit C**, at ¶ 21).

17. Named defendant Steven Anthony Parker was operating a 2006 International tractor-trailer owned by named Defendant Blacktoppers, LLC, and insured under the Peerless Policy.

18. Steven Anthony Parker was an insured by definition under the Peerless Policy at the time of the accident alleged in the Underlying Action.

19. Steven Anthony Parker was towing a trailer owned by Sam's Paving, Inc., at the time of the accident alleged in the Underlying Action.

20. The trailer owned by named defendant Sam's Paving, Inc. ("Trailer"), and being towed by a 2006 International tractor-trailer owned by named defendant Blacktoppers, LLC, was insured under the Peerless Policy at the time of the accident alleged in the Underlying Action.

21. The Trailer was insured under the Peerless Policy at the time of the accident alleged in the Underlying Action.

22. By virtue of ownership of or employment through Sam's Paving, Inc., named defendants Samuel Stanley, Jr., and Rachel Stanley were insured under the Peerless Policy at the time of the accident alleged in the Underlying Action. Samuel Stanley, Sr., was deceased at the time of the accident, and is not a proper party to the Underlying Action. Upon information and belief, the parties to the Underlying Action have agreed to dismiss Samuel Stanley, Sr.

### C.  *NGM'S TENDER AND CONTACT WITH PEERLESS*

22. By correspondence dated April 21, 2016, NGM notified Peerless that NGM believed the Trailer was covered under the Peerless Policy and requested

Peerless to defend and defend Sam's Paving, Inc. A copy of this correspondence is attached hereto as **Exhibit D**.

23. Not receiving a response to Exhibit D, NGM followed up with correspondence to Peerless dated May 9, 2016. A copy of this correspondence is attached hereto as **Exhibit E**.

24. When Peerless failed to respond to the tender, NGM followed up with correspondence to Peerless dated August 27, 2016. A copy of this correspondence is attached hereto as **Exhibit F**.

25. Still having no response, NGM followed up with correspondence to Peerless dated November 3, 2016. A copy of this correspondence is attached hereto as **Exhibit G**.

26. On December 1, 2016, Peerless finally responded in writing to the requests and tender of NGM, representing, in part:

> Sam's Paving Inc. qualifies as an insured under Blacktoppers LLC Samuel Stanley III's Commercial Auto Policy to the extent of the limits of insurance. We agree that the trailer being towed by Blacktoppers vehicle would qualify as a covered auto as defined by the policy.

A copy of this correspondence is attached hereto as **Exhibit H**.

27. The complaint in the Underlying Action was filed in February, 2018. Individual defendants Samuel Stanley, Sr., Samuel Stanley Jr., and Rachel Stanley, were named along with Sam's Paving, Inc. NGM tendered defense of these named Defendants to Peerless. A copy of such correspondence dated March 30, 2018, is attached hereto as **Exhibit I**, which includes, as an attachment, an email from NGM to Peerless, dated March 21, 2018.

28. When Peerless failed to accept NGM's tender or provide a basis for denial of the same, NGM had to retain counsel to defend Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley.

29. When Peerless failed to communicate with NGM and provide a written response to NGM's tender or promptly provide a reasonable explanation of the basis in the policy of insurance issued by Peerless for denial of such tender, NGM was forced to retain counsel to communicate with Peerless concerning NGM's tender.

30. Counsel retained by NGM to pursue the coverage matter with Peerless arising out of the Underlying Action, sent an email to the claims representative for Peerless that was handling the matter, dated May 28, 2018. A copy of this email is attached hereto as **Exhibit J**.

31. Counsel retained by NGM, reached out to Peerless by correspondence dated June 11, 2018, specifically requesting, in part:

> If Liberty Mutual [Peerless] takes the position that James Stanley, Sr., James Stanley, Jr., and/or Rachel Stanley are not 'insured' under the subject Liberty Mutual policy, I ask that you provide a written response setting forth the applicable policy language and basis for Liberty Mutual's position.

A copy of this correspondence is attached hereto as **Exhibit K**.

32. N.C.G.S. § 58-63-15, **Unfair methods of competition and unfair or deceptive acts or practices defined**, at (11)b., in part, defines an unfair claims settlement practice to include "Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies."

33. N.C.G.S. § 58-63-15, **Unfair methods of competition and unfair or deceptive acts or practices defined**, at (11)n., in part, defines an unfair claims settlement practice to include "Failing to promptly provide a reasonable explanation

10

of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement."

34.     When Peerless failed to respond to **Exhibit K** for over thirty (30) days, counsel retained by NGM to pursue the coverage matter forwarded an email dated July 31, 2018, to the representative for Peerless.  A copy of this email is attached hereto as **Exhibit L**.

35.     When Peerless failed to respond to **Exhibit L** for over twenty (20) days, and failed to respond to the request for a written position (**Exhibit K**) for over fifty (50) days, counsel retained by NGM to pursue the coverage matter forwarded an email dated August 23, 2018, to the representative for Peerless.  A copy of this email is attached hereto as **Exhibit M**.

36.     A representative for Peerless responded by email dated August 31, 2018, acknowledging a duty to defend and indemnify Sam's Paving, Inc., and Samuel Stanley, Jr.

36.     The representative for Peerless and counsel retained by NGM to pursue the coverage matter spoke by telephone on or about September 13, 2018, wherein the representative requested information regarding the employment or ownership status of Samuel Stanley, Sr., and Rachel Stanley, with respect to Sam's Paving, Inc. Counsel provided responses by correspondence dated September 26, 2018.  A copy of this correspondence is attached hereto as **Exhibit N**.

37.     After receiving no further response from Peerless, counsel retained by NGM to pursue the coverage matter forwarded correspondence to the representative for Peerless dated October 4, 2018, along with billing records for expenses incurred

11

by NGM in the defense of Sam's Paving, Samuel Stanley, Jr., and Rachel Stanley, and requesting a response to that the transfer of the defense to Peerless could be coordinated. A copy of correspondence, without enclosures, is attached hereto as **Exhibit O**.

38. After receiving no response from Peerless to **Exhibit O**, counsel retained by NGM to pursue the coverage matter forwarded an email to the representative for Peerless dated November 8, 2018. A copy of correspondence, without enclosures, is attached hereto as **Exhibit P**. Counsel never received a response to this email.

## ACTUAL CONTROVERSY AND RIPENESS

39. This is an actual, ripe, and live controversy between the parties regarding Peerless' obligations to provide defense and/or indemnity in connection with the Underlying Action and for damages incurred by NGM for Peerless' failure to perform its obligations or comply with Peerless in law or statute.

40. NGM has incurred and will continue to incur costs defending parties in the Underlying Action that should be defended by Peerless.

41. NGM has incurred and will continue to incur costs to pursue Peerless to honor its obligations to provide a defense and/or indemnity in connection with the Underlying Action.

## COUNT ONE - DECLARATORY JUDGMENT
## (DUTY TO DEFEND AND INDEMNIFY AND
## DAMAGES FOR FAILURE TO DO SO)

42. NGM hereby repeats and incorporates the allegations contained in all prior paragraphs of this Complaint as though fully set forth herein.

43. NGM hereby repeats and incorporates the allegations contained in the Complaint filed in the Underlying Action.

44. The Trailer qualifies as a covered auto under the Peerless Policy and is not subject to any exclusions. The coverage provided by the Peerless Policy is primary to that provided by the NGM Policy.

45. Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley, qualify as insureds, are covered under the Peerless Policy, and are not subject to any exclusions. The coverage provided by the Peerless Policy is primary to that provided by the NGM Policy.

46. Peerless wrongfully failed to reasonably and properly respond to NGM's timely and repeated tenders of the defense of Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley.

47. NGM was forced to retain counsel and incur expenses to defend Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley due to the wrongful conduct of Peerless as alleged herein.

48. NGM was forced to retain counsel and incur expenses prosecute this Declaratory Judgment Action to have Peerless honor its obligations under the Peerless Policy.

49. As a result of Peerless' wrongful conduct as alleged herein, Peerless has waived any exclusions, defenses or requests for contribution from NGM for defense costs in the Underlying Action.

50. As a result of Peerless' wrongful conduct as alleged herein, NGM has suffered and will continue to suffer damages in the form of costs and attorney's fees

to defend Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley in the Underlying Action and to pursue the subject Declaratory Judgment action and for treble damages in an amount in excess of $75,000.00.

### COUNT TWO - UNFAIR AND DECEPTIVE TRADE PRACTICES
### (N.C.G.S. Chapter 58, N.C.G.S. § 75-1.1)

51. NGM hereby repeats and incorporates the allegations contained in all prior paragraphs of this Complaint as though fully set forth herein.

52. NGM hereby repeats and incorporates the allegations contained in the Complaint filed in the Underlying Action.

53. The conduct of Peerless as alleged herein violates N.C.G.S. § 58-63-15(11).

54. Peerless was engaged in commerce at all times alleged herein.

55. A violation of N.C.G.S. § 58-63-15(11), generally, and the conduct of Peerless as alleged herein, constitutes an unfair and deceptive trade practice under N.C.G.S. Chapter 58, N.C.G.S. § 75-1.1.

56. NGM is entitled to recover treble damages and reasonable attorney's fees by reason of Peerless' unfair and deceptive practices in an amount in excess of $75,000.00.

### RELIEF REQUESTED

WHEREFORE, NGM respectfully requests the following relief:

A. A declaration that Peerless provides primary commercial auto liability coverage for the Trailer and a duty to defend on a primary, noncontributory basis from NGM, all claims contained in the Underlying Action;

B. A declaration that Peerless provides primary commercial auto liability coverage for Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley and a duty to defend on a primary, noncontributory basis from NGM, all claims contained in the Underlying Action;

C. A declaration that Peerless has waived all defenses or exclusions to defend and indemnify Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley;

D. A declaration that Peerless has waived all claims it may have under the policies of insurance for contribution from NGM towards the defense of Sam's Paving, Inc., Samuel Stanley, Sr., Samuel Stanley, Jr., and Rachel Stanley;

E. That NGM have and recover damages from Peerless for its failure to reasonably and timely respond and accept NGM's tender, including fees and costs incurred in defending the Underlying Action, and reasonable attorney's fees for having to pursue Peerless to honor its obligations under the Peerless Policy;

F. That NGM's damages be trebled and for the recovery of reasonable attorney's fees by virtue of Peerless' unfair and deceptive trade practices, pursuant to N.C.G.S. Chapter 58, N.C.G.S. § 75-1.1; and

G.      Such other, further, or different relief to which NGM may be entitled.

Respectfully submitted this 12th day of February, 2019.

>       /s/ Andrew A. Vanore, III
>       Andrew A. Vanore, III
>       NC State Bar No. 13139
>       Brown, Crump, Vanore & Tierney, L.L.P.
>       Attorney for Plaintiffs
>       P.O. Box 1729
>       Raleigh, N.C.  27602
>       Telephone: (919) 835-0909
>       Facsimile: (919) 835-0915
>       Email: drewvanore@bcvtlaw.com